1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

NICOLE JEAN ROGERS,

11

Plaintiff,                          No. 2:12-cv-2652 LKK KJN PS

12

vs.

13

MICHELLE OBAMA &
BARRACK OBAMA,

14

15

Defendants.                    <u>FINDINGS AND RECOMMENDATIONS</u>

16

_____/

17

Plaintiff Nicole Jean Rogers, proceeding in this action without counsel, has

18

requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  Pursuant to 28

19

U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the

20

allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

21

which relief may be granted, or seeks monetary relief against an immune defendant.

22

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

23

<u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

24

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

25

indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

26

_____

[1]  This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and
28 U.S.C. § 636(b)(1).

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, a complaint must contain more than

"naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a

cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

(2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it

is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in

forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v.

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Here, plaintiff alleges that defendants Barrack and Michelle Obama infected her

sister with shingles and committed a variety of other wrongs, including entrapment, grand theft

burglary, murders, murder suicides, loitering, stalking, slander, defamation of character,

impersonation, identify theft, rape on men, rape on women, child kidnapping and exploitation,

"pornography," "no social security," trespassing, false presidency, violation of confidentiality,

unlawful recording, and "many other violations."  (Dkt. No. 1 at 2-3.)  Plaintiff further indicates

1    that she is bringing a "class action" of some sort, and requests relief in the form of immediate

2    deportation and damages.  (Id.)

3         Plaintiff's claims here are subject to dismissal as frivolous under 28 U.S.C. §

4    1915(e)(2), because they are based on indisputably meritless legal theories and on factual

5    contentions that are clearly baseless.  Neitzke, 490 U.S. at 327-28.

6         Additionally, plaintiff's allegations are so bizarre and implausible that they are

7    wholly insubstantial and cannot invoke this court's subject matter jurisdiction.  See O'Brien v.

8    U.S. Department of Justice, 927 F. Supp. 382, 385 (D. Ariz. 1995); Best v. Kelly, 39 F.3d 328,

9    330-31 (D.C. Cir. 1994) (dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1)

10   warranted when claims are "clearly fanciful" and "so attenuated and unsubstantial as to be

11   absolutely devoid of merit"); see also Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th

12   Cir. 1985) (holding that under the substantiality doctrine, the district court lacks subject matter

13   jurisdiction when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this

14   Court or otherwise completely devoid of merit as not to involve a federal controversy").

15        While the court would ordinarily permit a pro se plaintiff to amend her complaint

16   before dismissal, plaintiff's patently frivolous and implausible allegations compel the conclusion

17   that amendment of the complaint here would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80

18   F.3d 336, 339 (9th Cir. 1996).  Therefore, the undersigned recommends that plaintiff's request to

19   proceed in forma pauperis be denied, and that the action be dismissed with prejudice.

20        For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

21        1.  Plaintiff's request to proceed in forma pauperis (dkt. no. 2) be DENIED;

22        2.  The action be DISMISSED WITH PREJUDICE; and

23        3.  The case be closed.

24        These findings and recommendations are submitted to the United States District

25   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

26   (14) days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served on all parties and filed with the court within fourteen (14) days after service of the

objections.  The parties are advised that failure to file objections within the specified time may

waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

                    IT IS SO RECOMMENDED.

DATED:  October 29, 2012

                                _____
                                KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE